# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

**DARRYL MANCO,** individually and on behalf of all others similarly situated,

       Plaintiff,

**v.**

**VILLAGE GREEN MANAGEMENT COMPANY,**

       Defendant.

Civil Action No. 3:20-cv-3159

Jury Demanded

## PLAINTIFF'S ORIGINAL COMPLAINT

The above-named individual Plaintiff hereby files this Complaint on behalf of himself and other similarly situated Plaintiffs, and states:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of her employees subject to the Act, unless the employee receives compensation for her employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Plaintiff was not paid time-and-one-half of his regular rate of pay for all hours worked in excess of 40 hours per workweek. Rather, Defendant misclassified Plaintiff as exempt

from the requirements of the FLSA and paid him primarily on a salaried basis and without regard to the number of hours Plaintiff actually worked.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Plaintiff Darryl Manco was employed by Defendant within the meaning of the FLSA. He hereby consents to be a party in this action through the consent form attached as "Exhibit A."

5. The Plaintiff and Class Members are Defendant's current and former "Service Managers" (or individuals who performed similar duties but were employed under distinct titles) and were paid primarily on salaried basis and/or not compensated for all hours worked, including overtime hours.

6. Defendant Village Green Management Company ("Village Green") conducts business in this District and throughout the United States and can be served with process by and through its registered agent Corporation Service Company d/b/a CSC Lawyers Incorporating Service at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever they may be found.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

8. Venue is proper in this District because the events forming the basis of the suit occurred in this District and one or more of the Parties resides in this District.

## IV. COVERAGE

9. At all material times, Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

10. At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

## V. FACTUAL ALLEGATIONS

13. Defendant does more than $500,000.00 per year in business.

14. Plaintiff Manco was employed by Defendant Village Green from approximately June of 2014 to March of 2020.

15. While employed in this capacity, Plaintiff was employed as a "Service Manager" for Defendant at their Dallas, Texas property location.

16. In this capacity, Plaintiff was primarily responsible for preventative management of the property, completing office paperwork, picking up the grounds, completing work orders, inclusive of maintenance and repairs on the property, and was on call 24 hours a day for such duties. Plaintiff did not possess the actual authority to hire, fire, or discipline other employees.

Defendant maintains a People Services (Human Resources) department that is responsible for such "executive" functions.

17. Plaintiff was also responsible for other routine and nondiscretionary duties associated with providing Defendant's services to Defendant's clients. Plaintiff was not employed in a recognized "administrative" capacity as he did not exercise independent judgment and discretion in performing these job duties but was subject to the guidelines, command and control of a Supervisor (or individuals who performed similar supervisory duties over Plaintiff and the Class Members under distinct titles).

18. Plaintiff was neither required to possess a professional degree nor to have obtained a particular educational level in order to be employed by Defendant in this capacity. Consequently, Plaintiff was not employed in a "professional" capacity as recognized by the FLSA.

19. During the weeks covered by this lawsuit, Plaintiff regularly worked in excess of 40 hours per week. Plaintiff was classified as a salaried worker and Defendant did not maintain his weekly time records for each of the weeks he was employed by Defendant, further failing to comply with Defendant's FLSA obligations and depriving Plaintiff of access to accurate record of her weekly hours.

20. Defendant did not pay Plaintiff time-and-one-half the regular rate of pay for all of his hours worked over 40 hours per week. Instead, Plaintiff was classified as a salaried, "exempt" employee. However, Plaintiff was not employed as an "exempt" administrator, executive, or professional and should have been entitled to the benefits the FLSA affords to non-exempt employees.

21. Defendant paid Plaintiff and the Class Members non-discretionary bonuses that were dependent on personal performance. Under the FLSA, these bonuses should have been calculated

into the regular rate of pay when determining the overtime rates for Plaintiff and the Class Members. Because Defendant considered Plaintiff and the Class Members "exempt" from the FLSA, Defendant failed to properly calculate the regular rates of pay for Plaintiff and the Class Members for purposes of determining overtime and other benefits.

22. Defendant has knowledge of the FLSA and its requirements and regularly received complaints, including from Class Members, regarding their workers' excessive hours and lack of overtime pay but Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of misclassifying Plaintiff and failing to pay overtime compensation to Plaintiff.

## VI.  COLLECTIVE ACTION ALLEGATIONS

23. During the period from three years prior to the filing of this suit until the filing of this suit, Defendant employed other individuals in a similar capacity as Plaintiff in that it paid these other Service Managers (or individuals who performed similar duties under distinct titles) without regard to the number of compensable hours actually performed by paying them on a salary basis. The Class Members regularly worked more than 40 hours in a workweek but did not receive overtime pay. Accordingly, the Class Members victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

24. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. Although Defendant requires them to perform similar duties, the precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job title, requirements, or rates of pay, are entitled to

overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

25. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members as set forth in ¶ V.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

26. During the relevant period, Defendant violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

## VIII. RELIEF SOUGHT

27. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

    b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**FORESTER HAYNIE PLLC**

/s/ *J. Forester*
J. FORESTER
Texas Bar No. 24087532
Meredith Black-Mathews
Texas Bar No. 24055180
400 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
(214) 346-5909 fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The foregoing will be served on all Defendants via the Court's e-filing system.

/s/ *J. Forester*
**J. FORESTER**